# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

GLEN CARDWELL                                                                                    PLAINTIFF

v.                                                                                        No. 3:12CV57-A-A

DR. MCCLEAVE, ET AL.                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

On August 29, 2012, plaintiff Glen Cardwell, an inmate in the custody of the Marshall County Correctional Facility with inmate number 148863, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit. 28 U.S.C. § 1915(g).

## Allegations

In October 2010 Glen Cardwell, who was then housed at the South Mississippi Correctional Institution, started having pain and swelling in his rectum, as well as smelly yellow discharge. Though he could not initially get treatment, he went through the grievance process and was eventually diagnosed with hemorrhoids. He underwent surgery at the South Mississippi Correctional Institution for the problem, but surgery did not help. In fact, it seemed to make the problem worse and introduced new problems; the doctor there said that Cardwell's symptoms would be unusual for someone with hemorrhoids. Shortly after surgery, he was transferred to the Bolivar County Correctional Facility where he could be close to his family for about six months.

A follow-up colonoscopy revealed nothing, but the doctors did not do a barium test or a check of his small intestine. He put in a sick call request at Bolivar County, but Nurse Collier told him to stop wasting the time of the medical department. Despite verbal and written requests for medical care, he received none for about seven weeks.

He then wrote E. L. Sparkman, who directed the defendants to help Cardwell. The doctor gave Cardwell antibiotics, which did not help. Nurse Collier then told Cardwell that if he put in any more sick call requests, she would refer him for a psychological evaluation and refused to speak to him or help him with his problems for about eight weeks. Finally, after he showed her evidence of his problem, she sent him to Parchman for the psychological evaluation. The doctors at Parchman determined that Cardwell had a medical problem, not a psychological one, and released him back to Marshall County Correctional Facility. He still cannot receive treatment because he has already had surgery. Doctors have also been treating him with ibuprofen, which is making him sicker. He believes it is causing problems with his kidneys and liver and causing stomach ulcers. Cardwell says he is extremely ill, but Dr. Kpabitey (a gastroenterologist), just keeps prescribing medication. Kpabitey has recommended that Cardwell see a specialist, but Nurse Kirk has rejected that recommendation. After five weeks and several sick call requests, Cardwell has received no more help. He lies in pain on his rack and can only get to the infirmary by continuously beating on his cell door. His symptoms include a pungent, but minute, amount of rectal discharge, pain in his rectum, and some rectal bleeding. He requires two showers per day because of the discharge. The only medication he takes is for high blood pressure. Dr. Kpabitey has moved to another state.

Cardwell believes that Dr. McCleave misdiagnosed him when he was housed in Greene County and referred him to Dr. Guidry, who also misdiagnosed him. Dr. Kpabitey examined

Cardwell and recommended referral to a specialist. Wanda Collier, a nurse at the Bolivar County Regional Correctional Facility, provided no treatment for him except steroids and antibiotics, which did not help him. Marshall County Correctional Facility head nurse Ronda Kirk denied his request for treatment by a specialist and, after Cardwell's colonoscopy, told him to "come back in ten years."

## Voluntary Dismissal

The plaintiff requested voluntary dismissal of Kentrell Liddell, Christopher Epps, and E.L. Sparkman. As such, the undersigned recommends dismissing these defendants from this case with prejudice.

## Denial of Medical Treatment

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In cases such as the present one, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In the present case, the Cardwell's claims against Dr. McCleave, Dr. Kpabitey, and Dr. Guidry must be dismissed because Cardwell alleges only that even though they examined him, they did not correctly identify his medical problem. These allegations state a claim only for negligence and do not come close to the rigorous standard to establish deliberate indifference as set forth above. As such, the plaintiff's claims against these defendants should be dismissed for failure to state a claim upon which relief could be granted.

### Hospital is Not a State Actor

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that a defendant acted "under color of state law." Private actors, such as the Forrest General Hospital in this case, do not qualify as state actors. *Wheat v. Mass*, 994 F.2d 273 (5th Cir. 1993) (hospital is not a state actor); *Mills v Criminal Dist Court No. 3*, 837 F2d 677 (5th Cir 1988) (court-appointed attorney is not a state actor). Forrest General Hospital will, therefore, be dismissed from this case.

The plaintiff has, however, stated a claim against Nurse Wanda Collier, head nurse Ronda Kirk, and the Bolivar County Regional Correctional Facility for denial of adequate medical care.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 11th day of February, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE