IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GLENN CARDWELL                                                                          PLAINTIFF

v.                                                                              No. 3:12CV57-SA-SAA

DR. MCCLEAVE, ET AL.                                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Glenn Cardwell, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Cardwell alleges that various defendants have failed to provide him with adequate medical attention in violation of the Eighth Amendment prohibition against cruel and unusual punishment. For the reasons set forth below, the remaining defendants in this case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

In October 2010 Glen Cardwell, who was then housed at the South Mississippi Correctional Institution, started having pain and swelling in his rectum, as well as smelly yellow discharge. Though he could not initially get treatment, he went through the grievance process and was eventually diagnosed with hemorrhoids. He underwent surgery at the South Mississippi Correctional Institution for the problem, but surgery did not help. In fact, it seemed to make the problem worse and introduced new problems, and the doctor there said that Cardwell's symptoms would be unusual for someone with hemorrhoids. Shortly after surgery, he was transferred to the Bolivar County Correctional Facility for about six months where he could be close to his family. A follow-up colonoscopy revealed nothing. He put in a sick call request at Bolivar County, but Nurse Collier told

him to stop wasting the time of the medical department. Despite verbal and written requests for medical care, he received none for about seven weeks.

He then wrote E. L. Sparkman, who directed the defendants to further examine Cardwell. The doctor gave Cardwell antibiotics, which did not help. Nurse Collier then told Cardwell that if he put in any more sick call requests, she would refer him for a psychological evaluation. Afterwards, she refused to speak to him or help him with his problems for about eight weeks. Finally, after he showed her evidence of his problem, she sent him to Parchman for the psychological evaluation. The doctors at Parchman kept Cardwell for a month, determined that he had a medical problem, not a psychological one, and released him to the Marshall County Correctional Facility. Medical personnel have denied his requests for further surgical intervention because he has already had surgery. Doctors have also been treating him with ibuprofen, which he says is making him sicker. He believes the ibuprofen is causing problems with his kidneys and liver – and causing stomach ulcers. Cardwell believes that he is ill, but Dr. Kpabitey (a gastroenterologist), just kept prescribing medication. Kpabitey has recommended that Cardwell see another specialist, but Nurse Kirk has rejected that recommendation.

After five weeks and several sick call requests, Cardwell is receiving treatment only for his symptoms. He lies in pain on his bed and must beat on his cell door to receive medical treatment. His symptoms include a pungent, but minute, amount of rectal discharge, pain in his rectum, and some rectal bleeding. He requires two showers per day because of the discharge. The only medication he takes is for high blood pressure. Dr. Kpabitey has moved to another state.

Cardwell believes that Dr. McCleave misdiagnosed him when he was housed in Greene County and referred him to Dr. Guidry, who also misdiagnosed him. Dr. Kpabitey examined Cardwell and recommended referral to a specialist. Wanda Collier, a nurse at the Bolivar County Regional

Correctional Facility, provided only steroids and antibiotics, which did not help him. Marshall County Correctional Facility head nurse Ronda Kirk denied his request for treatment by a specialist and, after Cardwell's colonoscopy, told him to "come back in ten years."

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere

disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In the Magistrate Judge's Report and Recommendation, which was adopted by the court, all defendants except Wanda Collier, Ronda Kirk, and the Bolivar County Regional Correctional Facility were dismissed with prejudice for failure to state a claim upon which relief could be granted.[1] In this case, prison medical staff have repeatedly examined and treated Cardwell, including surgical intervention. The examinations after Cardwell's surgery have not, however, identified the source of Cardwell's condition. His colonoscopy came back normal, and he was told that he did not need another for ten years. The defendant nurses have delayed Cardwell's treatment on several occasions – once for a psychological evaluation, and another time because multiple examinations had not revealed the source of Cardwell's condition. Cardwell has not, however, alleged that he has suffered substantial harm from the delays. He has been treated on numerous occasions for the condition. His primary complaint is that the examinations have not revealed a root cause of his condition, and the treatments provided have not relieved his symptoms. Thus, he disagrees with the course of treatment he has received. The court is sympathetic to the plaintiff's frustration over the ineffectiveness of the treatments provided him. However, as stated above, his mere disagreement with his treatment is insufficient to state a claim for denial of medical care under 42 U.S.C. § 1983. As such, the plaintiff's

---

[1] In its previous order approving and adopting the Magistrate Judge's Report and Recommendation, the court, through a scrivener's error, dismissed the plaintiff's claims against all defendants except Wanda Collier. However, the Magistrate Judge had recommended dismissal as to all defendants except Wanda Collier, Ronda Kirk, and the Bolivar County Regional Correctional Facility. As such, the previous Order Adopting Report and Recommendation is hereby amended to correct the scrivener's error.

claims against the remaining defendants will be dismissed with prejudice, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 1st day of May, 2014.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**